A. M. DUNTON v. T. P. DAWLEY, Executor of the Estate of Bessie Dawley, Deceased, Appellant.

Estates: PLEADINGS: DENIAL OF RIGHT TO ANSWER. In an action to establish a claim against an estate, it is not an abuse of discretion to refuse the filing of an answer after the case is called for trial, in which matters are alleged that may be proven under a general denial, or alleging matters constituting a counterclaim.

*Appeal from Winneshiek District Court.*—HON L. E. FELLOWS, Judge.

SATURDAY, JANUARY 30, 1904.

THE plaintiff's claim against the estate is for $500 had and received by deceased, with interest from January 15,

1896, and was filed August 24, 1901. The case was called for trial February 4, 1902, and the jury waived. Thereupon the executor filed an answer in four counts: (1) Denying the allegations of plaintiff; (2) alleging by way of counterclaim that subsequent to the death of decedent claimant took and appropriated to his own use about thirty articles of her property, valued at $58.45; (3) during five years next preceding January, 1896, he enjoyed the rents and profits of a certain eighty acres of land, to the use of which deceased was entitled, amounting in all to $1,000; (4) that any money that deceased may have received was in payment of the moneys due her under the third count, and judgment was prayed for any balance found due. Plaintiff objected to the filing of the answer on the ground that he had had no notice, that permission was asked after the case was called for trial, and for that it pleaded a counterclaim. These objections were sustained, and the trial proceeded, resulting in the allowance of plaintiff's claim. The executor appeals.— *Affirmed.*

*Frank Sayre* for appellant.

*E. P. Johnson* for appellee.

LADD, J.—There was no abuse of discretion in not allowing the answer to be filed after the trial had been called and the jury waived. The defensive matter averred was admissible under the general denial the law interposes to all claims filed against an estate. The fourth count was not a plea of payment, but an allegation that the transaction by which deceased received the money was a payment of rents and profits due, rather than a loan. It was provable under a general denial because in direct contradiction of the theory on which plaintiff based his right to recover. The ruling with respect to the two counts setting up a counterclaim did not deprive the executor of a hearing. It merely denied him the right to inject new causes of action into a case after a trial had begun, and compelled him to resort to another suit if he deemed his claims meritorious. The executor was not al-

lowed to prove the value of the use of the land. As there was no evidence tending to show the money claimed was paid thereon, the ruling was right. The finding of the trial judge is as conclusive as the verdict of a jury. It is supported by the evidence, and the judgment must be AFFIRMED.'